## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM PHILLS, | ) | |
| | ) | No.     08 C 4489 |
| Plaintiff(s),[sic] | ) | |
| | ) | HONORABLE RUBEN CASTILLO |
| vs. | ) | Judge Presiding |
| | ) | |
| CHICAGO POLICE OFFICER GAYLE | ) | Magistrate Judge Denlow |
| DIGGS, STAR NO. 2139, and UNKNOWN | ) | |
| CHICAGO POLICE OFFICERS Individually | ) | |
| and as agents, servants and/or employees of | ) | |
| the CITY OF CHICAGO, a Body Politic and | ) | |
| Corporate, | ) | |
| | ) | |
| Defendant(s). | ) | |

## DEFENDANT DIGGS' ANSWER, 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant, Gayle Diggs ("Defendant"), by and through her attorney, Jonathan Clark Green, Senior Corporation Counsel for the City of Chicago, for her answer, 12(b)(6) defenses, affirmative defenses and jury demand to plaintiff's complaint ("Complaint"), states as follows:

### COUNT I

### CIVIL RIGHTS - COMPENSATORY AND PUNITIVE DAMAGES

1.      That this action arises under Section 1983 and 1988 of the Civil Rights Act, to wit: 42 U.S.C., Sections 1983 and 1988 and the jurisdiction of this Court is based upon 28 U.S.C., Sections 1331 and 1343.

**ANSWER:**     Defendant admits that jurisdiction in proper with this Court for purposes of this purported Section 1983 action.  Defendant denies the remaining allegations and complained of conduct contained in paragraph 1 of Count I of Plaintiff's Complaint, above.

2.      That on or about August 9, 2007, and for a long time prior thereto, the Defendants, Chicago Police Officer Gayle Diggs, Star No. 2139 and Unknown Chicago Police Officers, were employed as City of Chicago Police Officers, within the scope of their employment and under the color of state law.

**ANSWER:** Defendant admits that, at all times relevant to Plaintiff's Complaint, she was employed as a City of Chicago Police Officer, was acting within the scope of her employment, and under the color of state law, and further avers that she has been a Chicago Police officer since 1995. In regard to any other defendants, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Count I of Plaintiff's Complaint, above.

3.      That on or about August 9, 2007, Plaintiff William Phills, was a passenger traveling westbound on a Chicago Transit Authority bus located at 79th Street and Stony Island in the City of Chicago, County of Cook and State of Illinois, when defendants, Chicago Police Officer Gayle Diggs, Star No. 2139 and Unknown Chicago Police Officers, entered said CTA passenger bus.

**ANSWER:** In regard to herself, Defendant denies the allegations and complained of conduct contained in paragraph 3 of Count I of Plaintiff's Complaint, above. In regard to any other defendants, and in regard to the alleged conduct of the plaintiff, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Count I of Plaintiff's Complaint, above.

4.      That Plaintiff, William Phills, while a passenger on said CTA passenger bus at the above-mentioned location was assaulted and battered without any reason or provocation by the Defendants, Chicago Police Officer Gayle Diggs, Star No. 2139 and Unknown Chicago Police Officers, specifically, when said Defendants battered Plaintiff about his body and face.

**ANSWER:** In regard to herself, Defendant denies the allegations and complained of conduct contained in paragraph 4 of Count I of Plaintiff's Complaint, above. In regard to any other defendants, and in regard to the alleged conduct of the plaintiff, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Count I of Plaintiff's Complaint, above.

5.      That Defendants, Chicago Police Officer Gayle Diggs, Star No. 2139 and Unknown Chicago Police Officers specifically assaulted and battered the Plaintiff, William Phills, about his body without any reasonable provocation whatsoever or in a defensive manner and committed said assault using excessive force which was unreasonable in light of the facts and circumstances confronting the Defendants, Chicago Police Officer Gayle Diggs, Star No. 2139 and Unknown Chicago Police Officers, which resulted in severe injuries to the Plaintiff, William Phills.

**ANSWER:**      In regard to herself, and in regard to Plaintiff's alleged injuries, Defendant denies the allegations and complained of conduct contained in paragraph 5 of Count I of Plaintiff's Complaint, above.  In regard to any other defendants, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Count I of Plaintiff's Complaint, above.

6.      That said Defendants, Chicago Police Officer Gayle Diggs, Star No. 2139 and Unknown Chicago Police Officers, assaulted and battered the Plaintiff, William Phills without any reasonable provocation whatsoever and committed said assault using excessive force after they knew that Plaintiff, William Phills, was not acting in a defensive manner and Defendants' acts were committed in a reckless and callous disregard for Plaintiff's rights.

**ANSWER:**      In regard to herself, Defendant denies the allegations and complained of conduct contained in paragraph 6 of Count I of Plaintiff's Complaint, above.  In regard to any other defendants, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Count I of Plaintiff's Complaint, above.

7.      That the assault of the Plaintiff herein, as fully described herein, was committed by the Defendants, Chicago Police Officer Gayle Diggs, star No. 2139 and Unknown Chicago Police Officers, under the color of law and violated the rights of the Plaintiff, William Phills, as guaranteed by the Fourth Amendment via the Fourteenth Amendment of the Constitution of the United States.

**ANSWER:**      In regard to herself, Defendant denies the allegations and complained of conduct contained in paragraph 7 of Count I of Plaintiff's Complaint, above.  In regard to any other defendants, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Count I of Plaintiff's Complaint, above.

8.    That as a direct and proximate result of the acts of the Defendants, Chicago Police Officer Gayle Diggs, Star No. 2139 and Unknown Chicago Police Officers, the Plaintiff, William Phills, became seriously and permanently injured, specifically, he suffered multiple body trauma and also suffered mental damages which in combination caused great discomfort and has and will cause the plaintiff to incur ongoing damages as he attempts to recover from the damages proximately caused by the acts of the Defendants Chicago Police Officer Gayle Diggs, Star No. 2139 and Unknown Chicago Police Officers.

**ANSWER:**    In regard to herself, and in regard to Plaintiff's alleged injuries, Defendant denies the allegations and complained of conduct contained in paragraph 8 of Count I of Plaintiff's Complaint, above.   In regard to any other defendants, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Count I of Plaintiff's Complaint, above.

## COUNT II

## INTENTIONAL TORT ASSAULT AND BATTERY

9.    That this cause of action arises under Illinois State Law and this Court has jurisdiction over this State Law claim, pursuant to 28 U.S.C. Section 1367.

**ANSWER:**    In light of the requirements of the Illinois Tort Immunity Act, 745 ILCS 10/2-202 (West 2006), Defendant denies the allegations and complained of conduct contained in paragraph 9 of Count II of Plaintiff's Complaint, above.

10.    That on or about August 9, 2007, the Plaintiff William Phills, was lawfully a passenger traveling westbound on a Chicago Transit Authority bus located 79th Street and Stony Island in the City of Chicago, County of Cook and State of Illinois.

**ANSWER:**    Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Count II of Plaintiff's Complaint, above.

11.    That on or about August 9, 2007, and for a long time prior thereto, the Defendants, Chicago Police Officer Gayle Diggs, Star No. 2139 and Unknown Chicago Police Officers, were employed as City of Chicago Police officers by virtue of the law of the State of Illinois.

**ANSWER:** Defendant admits that, at all times relevant to Plaintiff's Complaint, she was employed as a City of Chicago Police Officer, was acting within the scope of her employment, and under the color of state law, pursuant to the laws of the State of Illinois, and further avers that she has been a Chicago Police officer since 1995. In regard to any other defendants, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Count II of Plaintiff's Complaint, above.

12. That said Defendants, Chicago Police Officer Gayle Diggs, Star No. 2139 and Unknown Chicago Police Officers, assaulted and battered said Plaintiff without probable cause, the result of which the Plaintiff is presently in the most serious physical condition imaginable.

**ANSWER:** In regard to herself, and in regard to Plaintiff's alleged injuries, Defendant denies the allegations and complained of conduct contained in paragraph 12 of Count II of Plaintiff's Complaint, above. In regard to any other defendants, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Count II of Plaintiff's Complaint, above.

13. That at all times mentioned in this complaint the Plaintiff was in the exercise of due care and caution for his own safety.

**ANSWER:** Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Count II of Plaintiff's Complaint, above.

14. That it was the duty of the Defendants, Chicago Police Officer Gayle Diggs, Star No. 2139 and Unknown Chicago Police Officers, herein acting as agents, servants and/or employees of Defendant, City of Chicago, a Body Politic and Corporate, Individually, not to subject the Plaintiff to unreasonable risk of injury.

**ANSWER:** Defendant objects to the allegations contained in paragraph 14 of Count II of Plaintiff's Complaint to the extent they seek a legal conclusion. Without waiving such objection, Defendant admits such duty exists only to the extent provided by law, and further denies, in

regard to herself, that any breach of such a duty, to the extent that it exists under law, occurred. Defendant, in regard to herself, denies the remaining allegations and complained of conduct contained in paragraph 14 of Count II of Plaintiff's Complaint. In regard to any other defendants, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Count II of Plaintiff's Complaint, above.

     15.    That at the aforesaid time and place, the Defendants, Chicago Police Officer Gayle Diggs, Star No. 2139 and Unknown Chicago Police Officers, herein acting as servants and/or employees of Defendant, City of Chicago, a Body Politic and Corporate, Individually, did commit one or more of the following intentional acts:

     a.    Intentionally assaulted and battered the Plaintiff about his body and face.

     b.    Intentionally assaulted and battered the Plaintiff without probable cause and without provocation and without fear for their lives.

**ANSWER:**    In regard to herself, Defendant denies the allegations and complained of conduct contained in paragraph 15 of Count II of Plaintiff's Complaint, above. In regard to any other defendants, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Count II of Plaintiff's Complaint, above.

     16.    That as a direct and proximate result of the aforesaid intentional acts of the Defendants, Chicago Police Officer Gayle Diggs, Star No. 2139 and Unknown Chicago Police Officers, Individually, and acting as agents, servants and/or employees of Defendant, City of Chicago, a Body Politic and Corporate, said Plaintiff was seriously and permanently injured, both internally and externally, specifically, Plaintiff suffered multiple body trauma and mental damage; he suffered great pain and anguish and was hindered and delayed in his occupation and continues in said same condition presently.

**ANSWER:**    In regard to herself, and in regard to Plaintiff's alleged injuries, Defendant denies the allegations and complained of conduct contained in paragraph 16 of Count II of Plaintiff's Complaint, above. In regard to any other defendants, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Count II of Plaintiff's Complaint, above.

6

## COUNT III

## RESPONDEAT SUPERIOR

17.     Plaintiff realleges and incorporates herein paragraphs 1 through 8 of Count I and 9 through 16 of Count II as if fully set forth herein.

**ANSWER:**     Defendant hereby incorporates, makes a part hereof, and re-asserts her respective answers to paragraphs 1-8 of Count I of Plaintiff's Complaint, above, as her respective answers to paragraphs 1-8 of Count III of Plaintiff's Complaint, above, as those paragraphs are incorporated and fully set forth herein.  Defendant further hereby incorporates, makes a part hereof, and re-asserts her respective answers to paragraphs 9-16 of Count II of Plaintiff's Complaint, above, as her respective answers to paragraphs 9-16 of Count III of Plaintiff's Complaint, above, as those paragraphs are incorporated and fully set forth herein.

18.     The actions of the individual Defendants as set forth above and herein were done while the Defendants were within the scope of their employment.

**ANSWER:**     Defendant admits that at all times relevant to Plaintiff's Complaint, she was acting within the scope of his employment as a Chicago Police Officer.  Defendant denies the remaining allegations and complained of conduct contained in paragraph 18 of Count III of Plaintiff's Complaint, above, in regard to herself.  In regard to any other defendants, Defendant is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Count III of Plaintiff's Complaint, above.

19.     Defendant, City of Chicago employed said Defendants and is therefore liable under the Doctrine of Respondeat Superior for the state law claims alleged in Count II above.

**ANSWER:**     Defendant objects to the allegations contained in paragraph 19 of Count III of Plaintiff's Complaint, above, to the extent they seek a legal conclusion.  Without waiving said objection, Defendant admits that she was employed by the City of Chicago at all times relevant to this Complaint, and denies the remaining allegations contained in paragraph 19 of Count III of Plaintiff's Complaint, above, in regard to herself.  In regard to any other defendants, Defendant

is without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Count III of Plaintiff's Complaint, above.

## 12(b)(6) DEFENSES

### FIRST 12(b)(6) DEFENSE:
### PUNITIVE DAMAGES IN VIOLATION OF DUE PROCESS

An award of punitive damages would deprive Defendant of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and,

(b) the award of punitive damages is disproportionate to actual damages.

### SECOND 12(b)(6) DEFENSE:
### NO PUNITIVE DAMAGES DUE TO MERE NEGLIGENCE PLEADING

Plaintiff in his Complaint has pleaded mere negligence and not solely willful and wanton conduct on the part of Defendant in this matter. Therefore, under Illinois law, Plaintiff is not entitled to an award of punitive damages.

### THIRD 12(b)(6) DEFENSE:

### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendant was working as a police officer at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendant is not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct, and Plaintiff's Complaint, on its face, pleads mere negligence only. 745 ILCS 10/2-202 (West 2006).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### QUALIFIED IMMUNITY

Defendant is a government official, namely a police officer, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant could have believed his actions to be lawful, in light of clearly established law and the information that Defendant possessed. Defendant, therefore, is entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendant is not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2006).

### THIRD AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-208

Under Illinois Tort immunity law, Defendant is not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acted maliciously and without probable cause. 745 ILCS 10/2-208 (West 2006).

### FOURTH AFFIRMATIVE DEFENSE:
### STATE COMPARATIVE AND CONTRIBUTORY NEGLIGENCE LAW

To the extent that any injuries or damages claimed by the Plaintiff against Defendant were caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff, even if Defendant were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of

9

Plaintiff which were the proximate cause of his injuries.  In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## FIFTH AFFIRMATIVE DEFENSE:
## MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

## CONCLUSION

WHEREFORE, Defendant GAYLE DIGGS respectfully requests that judgment be entered in her favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## JURY DEMAND

Defendant GAYLE DIGGS hereby demands a jury trial for all issues so triable.

Respectfully submitted,

GAYLE DIGGS

By her attorney:

___/s/ Jonathan Clark Green_____
JONATHAN CLARK GREEN
Senior Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-0226
Attorney No.  06193934

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM PHILLS, | ) | |
| | ) | No.   08 C 4489 |
| Plaintiff(s),[sic] | ) | |
| | ) | HONORABLE RUBEN CASTILLO |
| vs. | ) | Judge Presiding |
| | ) | |
| CHICAGO POLICE OFFICER GAYLE | ) | Magistrate Judge Denlow |
| DIGGS, STAR NO. 2139, and UNKNOWN | ) | |
| CHICAGO POLICE OFFICERS Individually | ) | |
| and as agents, servants and/or employees of | ) | |
| the CITY OF CHICAGO, a Body Politic and | ) | |
| Corporate, | ) | |
| | ) | |
| Defendant(s). | ) | |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

To:     Steven J. Malman
        Law Offices of Steven J. Malman & Associates, P.C.
        205 West Randolph Street - Suite 1040
        Chicago, Illinois 60606

**PLEASE TAKE NOTICE** that on October 15, 2008, I caused to be filed, with leave of court, the attached **Defendant Diggs' Answer, 12(b)(6) Defenses, Affirmative Defenses and Jury Demand to Plaintiff's Complaint**, with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division.  A copy of that document is herewith served upon you.

I hereby certify, as an attorney, that I have served this notice and the attached document this 15th day of October, 2008, to the person named above at the address shown, by causing it to be mailed to that person, or by causing it to otherwise be served on such person by way of the Court's official e-filing system.

　　　　　　　　　　　　　　　　　  __/s/ Jonathan Clark Green_____
　　　　　　　　　　　　　　　　　  JONATHAN CLARK GREEN